LATHAM & WATKINS LLP
Andrew M. Gass (Bar No. 259694)
 andrew.gass@lw.com
Ivana Dukanovic (Bar No. 312937)
 *ivana.dukanovic@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA  94111-6538
Telephone: +1.415.391.0600

Sarang V. Damle (admitted *pro hac vice*)
 sy.damle@lw.com
Sara E. Sampoli (Bar No. 344505)
 sara.sampoli@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200

Allison L. Stillman (admitted *pro hac vice*)
 alli.stillman@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone: +1.212.906.1200

*Attorneys for Defendants Tencent America, LLC, Proxima Beta U.S. LLC, and Tencent Holdings Ltd.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SONY INTERACTIVE ENTERTAINMENT LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TENCENT HOLDINGS LTD., a Cayman Islands corporation; TENCENT TECHNOLOGY (SHANGHAI) COMPANY LTD. d/b/a AURORA STUDIOS and/or POLARIS QUEST, a Chinese company; TENCENT AMERICA LLC, a Delaware limited liability company; PROXIMA BETA PTE LTD. d/b/a TENCENT GAMES and/or LEVEL INFINITE, a Singapore corporation; PROXIMA BETA U.S. LLC, a Delaware limited liability company; and DOES 1-10,<br><br>Defendants. | Case No. 3:25-cv-06275-JCS<br><br>**TENCENT AMERICA LLC'S, PROXIMA BETA U.S. LLC'S, AND TENCENT HOLDINGS LTD.'S  REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF THEIR MOTION TO DISMISS COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**<br><br>Hearing:     November 19, 2025<br>Time:         9:30 a.m.<br>Location:   Courtroom D, 15th Floor<br>Judge:       Hon. Joseph C. Spero |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 19, 2025 at 9:30 a.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, Courtroom D, located at 450 Golden Gate Avenue, San Francisco, California, Defendants Tencent America LLC, Proxima Beta U.S. LLC, and Tencent Holdings Ltd. (collectively, the "Served Defendants"), through their undersigned counsel, will, and hereby do, respectfully request that in connection with their Motion to Dismiss the Complaint for Copyright and Trademark Infringement (the "Motion"), the Court consider the documents attached as Exhibits 1–5 to the accompanying Declaration of Ivana Dukanovic in Support of Defendants' Motion, filed concurrently herewith. The documents are properly considered by the Court on the Served Defendants' Motion because they are subject to judicial notice under Federal Rule of Evidence 201 and/or incorporated by reference into the Complaint for Copyright and Trademark Infringement.

Dated: September 17, 2025

Respectfully submitted,

LATHAM & WATKINS LLP

By  /s/ Sarang V. Damle
Sarang V. Damle (admitted *pro hac vice*)
 sy.damle@lw.com
Sara E. Sampoli (Bar No. 344505)
 sara.sampoli@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200

Andrew M. Gass (Bar No. 259694)
 andrew.gass@lw.com
Ivana Dukanovic (Bar No. 312937)
 ivana.dukanovic@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA  94111-6538
Telephone: +1.415.391.0600

Allison L. Stillman (admitted *pro hac vice*)
 alli.stillman@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone: +1.212.906.1200

*Attorneys for Defendants Tencent America,*

1

*LLC, Proxima Beta U.S. LLC, and Tencent Holdings Ltd.*

## **MEMORANDUM OF POINTS & AUTHORITIES**

Defendants Tencent America LLC, Proxima Beta U.S. LLC, and Tencent Holdings Ltd. (collectively, the "Served Defendants") respectfully request that the Court take judicial notice of, and/or consider as incorporated by reference, the following documents in support of the Served Defendants' Motion to Dismiss the Complaint for Copyright and Trademark Infringement ("Motion"), as described below and attached to the concurrently filed Declaration of Ivana Dukanovic ("Dukanovic Declaration"):[1]

- **Exhibit 1:** A publicly-available internet message board entitled, "The Setting (and Protagonist) Reminds Me of Enslaved Odyssey to the West," which appears online at https://gamefaqs.gamespot.com/boards/168644-horizon-zero-dawn/72011144.

- **Exhibit 2:** A publicly-available internet message board entitled, "This Game Reminds Me of Enslaved: Odyssey to the West," which appears online at https://steamcommunity.com/app/1151640/discussions/0/1745647427619691996.

- **Exhibit 3:** A publicly-available internet message board entitled, "This game reminds me of," which appears online at https://www.playstationtrophies.org/forum/topic/284853-this-game-reminds-me-of.

- **Exhibit 4**: A publicly-available internet product page entitled, "Light of Motiram" with a "Planned Release Date: Q4 2027," which appears online at https://store.steampowered.com/app/3319630/LIGHT_OF_MOTIRAM.

- **Exhibit 5**: A publicly-available internet product page entitled, "Horizon, The Official Site," which appears online at https://www.playstation.com/en-us/horizon/#discover.

These documents are properly considered in connection with the Served Defendants' Motion because (1) Exhibits 1–5 are subject to judicial notice under Federal Rule of Evidence 201 and, furthermore, (2) Exhibits 4 and 5 are incorporated by reference into the Complaint for Copyright and Trademark Infringement (the "Complaint").

---

[1] All exhibits ("Ex.") referenced herein are attached to the Dukanovic Declaration.

## I. LEGAL STANDARD

In ruling on a motion to dismiss, the Court may look beyond the four corners of a complaint and consider documents incorporated into the complaint by reference as well as matters properly subject to judicial notice. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010).

<u>Judicial Notice</u>: The Court may take judicial notice of, and properly consider for purposes of a motion to dismiss, information "not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204-06 (N.D. Cal. 2014) (taking judicial notice of "publicly accessible websites").

<u>Incorporation by Reference</u>: A document is incorporated by reference in a complaint if the plaintiff "refers extensively to the document or the document forms the basis of the plaintiff's claim." *In re Intel Corp. Sec. Litig.*, 2023 WL 2767779, at *8 (N.D. Cal. 2023) (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)). The incorporation-by-reference doctrine "permits courts to treat a document as if it were 'part of the complaint itself.'" *Id.* (quoting *Khoja*, 899 F.3d at 1002). The doctrine "applies with equal force to internet pages as it does to printed material." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

## II. EXHIBITS 1–5 ARE ALL SUBJECT TO JUDICIAL NOTICE

**Exhibits 1–5** are all subject to judicial notice because they are publicly available documents that are "not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). All of the exhibits attached to the Dukanovic Declaration are available on "publicly accessible websites whose accuracy and authenticity are not subject to dispute." *In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d 980, 1008–10 (N.D. Cal. 2020), *rev'd in part on other grounds*, 87 F.4th 934 (9th Cir. 2023); *see also Unsworth v. Musk*, 2019 WL 5550060, at *4 (N.D. Cal. Oct. 28, 2019) (taking judicial notice "because the existence of the publicly-available articles and tweets cannot reasonably be questioned"). Accordingly, all are proper subjects of judicial notice. *See*

*Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F.Supp.3d 139, 146 (N.D. Cal. 2020) ("In general, websites and their contents may be judicially noticed.") (citing cases).

### III. EXHIBITS 4 AND 5 ARE ALSO INCORPORATED BY REFERENCE IN THE COMPLAINT

Plaintiff refers to and relies on **Exhibits 4 and 5** in the Complaint in support of Sony Interactive Entertainment LLC's ("Plaintiff") claim for copyright infringement, which means they are incorporated by reference and properly considered in their entirety. *See*, *e.g.*, *Arroyo v. CPLG Props. L.L.C.*, 2021 WL 4260604, at *1 (C.D. Cal. June 3, 2021) (taking judicial notice of "documents referenced in the complaint and central to a party's claims"). Specifically, Exhibit 4 is relied upon in support of Plaintiff's claim that early promotional materials for the Light of Motiram game "misappropriated protectable elements of [Plaintiff's] copyrights in the Horizon Franchise to a significant degree." Compl. ¶ 7 & n.2; *see also id.* ¶ 121 & n.36. Exhibit 5 is also relied upon in support of Plaintiff's claims, specifically for the allegation that Plaintiff "built something new, distinctive and memorable with the *Horizon* Franchise." Compl. ¶ 50 & n.11. This Court should therefore consider Exhibits 4 and 5 in their entirety in deciding the Motion. *See, e.g.*, *In re Intel Corp.*, 2023 WL 2767779, at *9 (finding documents that formed the basis of the plaintiffs' allegations incorporated by reference); *see also Alamilla v. Hain Celestial Grp., Inc.*, 30 F. Supp. 3d 943, 944 (N.D. Cal. 2014) (agreement that "plaintiffs have incorporated by reference the entire text of the articles they quote in their complaint").

### IV. CONCLUSION

For the foregoing reasons, the Served Defendants respectfully request that the Court consider Exhibits 1 through 5 attached to the Dukanovic Declaration submitted in connection with the Served Defendants' Motion.

| | | |
|---|---|---|
| 1 | Dated: September 17, 2025 | Respectfully submitted, |
| 2 | | LATHAM & WATKINS LLP |
| 4 | | By /s/ Sarang V. Damle<br>Sarang V. Damle (admitted *pro hac vice*)<br>  sy.damle@lw.com |
| 5 | | Sara E. Sampoli (Bar No. 344505)<br>  sara.sampoli@lw.com |
| 6 | | 555 Eleventh Street, NW, Suite 1000<br>Washington, D.C. 20004-1304 |
| 7 | | Telephone: +1.202.637.2200 |
| 8 | | Andrew M. Gass (Bar No. 259694)<br>  andrew.gass@lw.com |
| 9 | | Ivana Dukanovic (Bar No. 312937)<br>  ivana.dukanovic@lw.com |
| 10 | | 505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111-6538 |
| 11 | | Telephone: +1.415.391.0600 |
| 12 | | Allison L. Stillman (admitted *pro hac vice*)<br>  alli.stillman@lw.com |
| 13 | | 1271 Avenue of the Americas<br>New York, NY 10020 |
| 14 | | Telephone: +1.212.906.1200 |
| 15 | | *Attorneys for Defendants Tencent America, LLC, Proxima Beta U.S. LLC, and Tencent Holdings Ltd.* |