| | |
|---|---|
| 1 | ANNETTE L. HURST (BAR NO. 148738) |
| | ahurst@orrick.com |
| 2 | DIANA M. RUTOWSKI (BAR NO. 233878) |
| | drutowski@orrick.com |
| 3 | DANIEL D. JUSTICE (BAR NO. 291907) |
| | djustice@orrick.com |
| 4 | ANA M. MENDEZ-VILLAMIL (BAR NO. 344768) |
| | amendez-villamil@orrick.com |
| 5 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | The Orrick Building |
| 6 | 405 Howard Street |
| | San Francisco, CA 94105-2669 |
| 7 | Telephone: +1 415 773 5700 |
| | Facsimile: +1 415 773 5759 |
| 8 | |
| | LAURA A. WYTSMA (BAR NO. 189527) |
| 9 | lawytsma@orrick.com |
| | ISAAC BEHNAWA (BAR NO. 342441) |
| 10 | ibehnawa@orrick.com |
| | 355 S. Grand Street, # 2700 |
| 11 | Los Angeles, CA 90071 |
| | Telephone: +1 213 629-2020 |
| 12 | Facsimile: +1 213 612 2499 |

Attorneys for Plaintiff
SONY INTERACTIVE ENTERTAINMENT LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY INTERACTIVE ENTERTAINMENT LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TENCENT HOLDINGS LTD., a Cayman Islands corporation; TENCENT TECHNOLOGY (SHANGHAI) COMPANY LTD. d/b/a AURORA STUDIOS and/or POLARIS QUEST, a Chinese company; TENCENT AMERICA LLC, a Delaware limited liability company; PROXIMA BETA PTE LTD. d/b/a TENCENT GAMES and/or LEVEL INFINITE, a Singapore corporation; PROXIMA BETA U.S. LLC, a Delaware limited liability company; and DOES 1-10.<br><br>Defendants. | Case No. 25-cv-06725-JSC<br><br>**PLAINTIFF SONY INTERACTIVE ENTERTAINMENT LLC'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>Date: December 2, 2025<br>Time: 9:00 a.m.<br>Courtroom: 8 – 19th Floor<br>Judge: Jacqueline Scott Corley |

In support of their Rule 12(b) Motion to Dismiss, Defendants Tencent America LLC, Proxima Beta U.S. LLC, and Tencent Holdings Ltd. (collectively, "Tencent") request that the Court take judicial notice of three comments made on internet message boards (Exhibits 1-3), purported facts about *Light of Motiram*'s development on Tencent's official steam page (Exhibit 4), and the official *Horizon* website (Exhibit 5). SIE does not object to the Court taking judicial notice of Exhibit 5. But the Court should deny Tencent's Request for Judicial Notice ("Request") as to Exhibits 1 through 4.

## ARGUMENT

On a Rule 12(b)(6) motion, a court may judicially notice material outside the complaint only in limited circumstances. While the court may judicially notice the fact or existence of public websites if the information "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" (Fed. R. Evid. 201(b)(2)), "it cannot take judicial notice of the truth of any representations" on the website. *Robinson v. Binello*, 771 F. Supp. 3d 1114, 1127 (N.D. Cal. 2025).

Judicial notice is also "properly denied" "[w]hen a request for judicial notice contains 'materials … therein [that] are not relevant to the disposition' of the motion." *Paskenta Band of Nomlaki Indians v. Crosby*, No. 215CV00538MCECMK, 2016 WL 1587233, at *3 (E.D. Cal. Apr. 20, 2016) (quoting *Cuellar v. Joyce*, 596 F.3d 505, 512 (9th Cir. 2010)).

A court may judicially notice documents cited in the complaint under Federal Rule 10(c)'s "incorporation-by-reference" doctrine if (1) the complaint "necessarily relies" on the documents; and (2) the documents' authenticity is uncontested, and (3) relevance are uncontested. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). The incorporation-by-reference doctrine serves the narrow and specific purpose of "prevent[ing] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based." *Swartz*, 476 F.3d at 763. Under the incorporation-by-reference doctrine, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018).

**Exhibits 1-3:** Exhibits 1-3 are purported comments on internet message boards noting purported similarities between *Horizon* and another video game. Tencent contends the Court may take judicial notice of Exhibits 1 through 3 under Federal Rule of Evidence 201. Mot. 2-3. Tencent is incorrect. That rule does not permit judicial notice of these statements, as they are irrelevant, inadmissible hearsay, and disputed facts for purposes of a Rule 12(b)(6) motion.

*First*, these exhibits are not judicially noticeable because the originality of the *Horizon* works is not at issue in Tencent's motion to dismiss. *See Paskenta Band of Nomlaki Indians*, 2016 WL 1587233, at *3. Tencent inappropriately cites these exhibits only in the introduction to its motion–apparently to cast aspersions on the underlying works for thematic purposes–but does not challenge the originality of the *Horizon* works.

*Second*, the statements on the website are hearsay and Tencent points to no applicable hearsay exception that would admit the contents of the website for the truth of those assertions.

*Third*, judicial notice of this inadmissible hearsay is impermissible because these are facts that are disputed by the allegations of the Complaint, and all such allegations must be assumed true in the context of a Rule 12(b)(6) motion. *Khoja*, 899 F.3d at 999 ("a court cannot take judicial notice of disputed facts"); see *Pinterest Inc. v. Pintrips Inc*., 15 F. Supp. 3d 992, 997 (N.D. Cal. 2014) ("[D]efendant offers extrinsic documents … to demonstrate that the mark … is generic. This is, of course, entirely improper. First, while 'undisputed matters of public record' are judicially noticeable, a court may not take notice of disputed facts in public records."); *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1206 (N.D. Cal. 2014) (denying judicial notice when party "disputes the accuracy and the contents of the article").

**Exhibit 4:** Exhibit 4 contains screenshots from a page published on the Steam game distribution website concerning the *Light of Motiram* game. Tencent cites this page in an effort to establish the purported release date of the *Light of Motiram* game and the platform (PC) on which it will be released. *See* Motion to Dismiss at 7, 11, 31. Contrary to Tencent's arguments, Exhibit 4 is not judicially noticeable under either Rule 201 or Rule 10(c).

*First*, there is no evidence as the reliability of this web page or who controls it. Indeed, it has changed since the filing of the Complaint. *Second*, notice of the contents of the web page for

1  the truth of the date of release and nature of the game is plainly inadmissible hearsay. *See Khoja*,
2  899 F.3d at 1003. *Third*, even if this were a reliable source of admissible non-hearsay information,
3  the contents of the web page contradict the Complaint's allegations. The Complaint alleges that
4  Tencent will make *Light of Motiram* available for play testing imminently with release shortly
5  thereafter. *E.g.*, Compl. ¶ 74. Disputed facts cannot be admitted through a request for judicial
6  notice. *See Robinson*, 771 F. Supp. 3d at 1127.

7  Nor does Rule 10(c) solve these problems. SIE did not rely at all upon the document now
8  attached as Exhibit 4 to the Request. *Contra* Mot. at 3. Rather, SIE relied on the *Light of Motiram*
9  Steam page *as it existed on or around July 25, 2025, when SIE filed its Complaint*, in support of
10 the allegations of infringement to show that it contained infringing promotional materials. *E.g.,*
11 Compl. ¶ 7 n.2. Exhibit 4 contains screengrabs of the Steam website *months later*. *See* Ex. 4 (dated
12 Sept. 17, 2025). This is also why Exhibit 4 is not noticeable under Rule 201, as the contents have
13 changed and there is no reliability. Indeed, Tencent does not even attempt to argue that the website
14 remained the same or that the cited material was on the Steam website when SIE filed its Complaint.
15 *See Shank v. Presidio Brands, Inc.*, No. 17-CV-00232-DMR, 2018 WL 510169, at *4 (N.D. Cal.
16 Jan. 23, 2018) (finding no incorporation by reference when it was "impossible to determine whether
17 the webpages existed in the form presented prior to January 17, 2017, the date Shank filed his
18 complaint"); *see also Khoja*, 899 F.3d at 1005 (trial court erred in finding different version of SEC
19 filing incorporated from version relied on in complaint); *Aledlah v. S-L Distribution Co.*, LLC, No.
20 20-CV-00234-JSC, 2020 WL 2927980, at *4 (N.D. Cal. June 3, 2020) ("[N]othing in Coto
21 Settlement suggests that a subsequent agreement relating to a previous agreement is incorporated
22 by reference because the latter is referenced in a complaint; particularly where the complaint does
23 not necessarily rely on the former.").

## **CONCLUSION**

25 The Court should deny Tencent's Request for Judicial Notice of Exhibits 1 through 4 and
26 disregard them in considering Tencent's Motion to Dismiss.

Dated: October 15, 2025

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: /s/ *Annette L. Hurst*
    ANNETTE L. HURST

Attorneys for Plaintiff
Sony Interactive Entertainment LLC