ANNETTE L. HURST (BAR NO. 148738)
ahurst@orrick.com
DIANA M. RUTOWSKI (BAR NO. 233878)
drutowski@orrick.com
DANIEL D. JUSTICE (BAR NO. 291907)
djustice@orrick.com
ANA M. MENDEZ-VILLAMIL (BAR NO. 344768)
amendez-villamil@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

LAURA A. WYTSMA (BAR NO. 189527)
lawytsma@orrick.com
ISAAC BEHNAWA (BAR NO. 342441)
ibehnawa@orrick.com
355 S. Grand Street, # 2700
Los Angeles, CA 90071
Telephone: +1 213 629-2020
Facsimile: +1 213 612 2499

Attorneys for Plaintiff
SONY INTERACTIVE ENTERTAINMENT LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SONY INTERACTIVE ENTERTAINMENT LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TENCENT HOLDINGS LTD., a Cayman Islands corporation; TENCENT TECHNOLOGY (SHANGHAI) COMPANY LTD. d/b/a AURORA STUDIOS and/or POLARIS QUEST, a Chinese company; TENCENT AMERICA LLC, a Delaware limited liability company; PROXIMA BETA PTE LTD. d/b/a TENCENT GAMES and/or LEVEL INFINITE, a Singapore corporation; PROXIMA BETA U.S. LLC, a Delaware limited liability company; and DOES 1-10.<br><br>Defendants. | Case No. 3:25-cv-06275-JSC<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CONFIDENTIAL INFORMATION SUPPORTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Courtroom: 8 – 19th Floor<br>Judge: Jacqueline Scott Corley |

PLEASE TAKE NOTICE THAT pursuant to Civil Local Rules 7-11 and 79-5, and Federal Rule of Civil Procedure 26(c)(1), Plaintiff Sony Interactive Entertainment LLC ("SIE") will and hereby does move for an order permitting it to file under seal confidential information in SIE's Motion for Preliminary Injunction and two supporting declarations, which contain financial, strategic planning, product development, and other highly sensitive business information.  This Motion is supported by the Declarations of Asad Qizilbash ("Qizilbash Decl.") (Dkt. No. 68) and Jan-Bart Van Beek ("Van Beek Decl.") (Dkt. No. 69) and is narrowly tailored to the particular text at the page and line numbers of the documents that SIE requests to file under seal indicated in the chart below.

I. LEGAL STANDARD

The decision whether to seal court files is "left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). Although there is a presumption of public access to judicial records and documents, *id.* at 597, confidential information submitted with merits-based motions may be sealed if there are "compelling reasons" to do so. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

A party has "compelling reasons" to seal information where disclosure of that information would reveal "sources of business information that might harm a litigant's competitive standing," *Nixon*, 435 U.S. at 598, or would place the party's business information at risk of being used for "'improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Nixon*, 435 U.S. at 598).

In this District, a party seeking to seal a document filed with the Court must also comply with Civil Local Rule 79-5, which requires the request to be "narrowly tailored to seal only the sealable material" and include an explanation of the legitimate interests that warrant sealing, the injury that will result if sealing is denied, and why a less restrictive alternative to sealing is not sufficient.  Civil L-R 79-5(c).

Courts have recognized that potential injury may result from the disclosure of confidential

and proprietary business information, in that competitors could use such information "to duplicate [a party's] products, compete for [their] customers, or interfere with [their] business plan and thereby gain a competitive advantage in the marketplace." *Felix v. Davis Moreno Const., Inc.*, No. CVF07-0533LJOGSA, 2008 WL 3009867, at *1 (E.D. Cal. Aug. 1, 2008) (quoting *Intel Corp. v. Via Tech., Inc.*, 198 F.R.D. 525, 531 (N.D.Cal.2000)); *see In re Electronic Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (sealing "pricing terms, royalty rates, and guaranteed minimum payment terms" in a licensing agreement); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225–27 (Fed. Cir. 2013) (applying Ninth Circuit law) (recognizing a "significant interest in preventing the release of … detailed product-specific financial information," including costs, sales, profits, and margins, because disclosure would advantage competitors and suppliers); *DeMartini v. Microsoft Corp.*, No. 22-cv-08991-JSC, 2023 WL 4205770, at *2 (N.D. Cal. June 26, 2023) (ordering sealing where materials "would harm a designating party's competitive standing and divulge terms of confidential contracts or contract negotiations").

## II.  INFORMATION SIE SEEKS PERMISSION TO FILE UNDER SEAL

SIE seeks to seal only the narrowly tailored materials identified in the table below.

| Document | Text to Be Sealed | Basis for Sealing |
|---|---|---|
| Motion for Preliminary Injunction (Dkt. No. 67) | Highlighted text at: 2:10, 21-22; 5:5, 9; 10:24; 23:12. | This information reflects non-public financial and franchise investment information, and if revealed publicly, this information could be used by competitors against SIE "in connection with future business dealings and contract negotiations." Qizilbash Decl. ¶¶ 52–54. |
| Motion for Preliminary Injunction (Dkt. No. 67) | Highlighted text at: 5:11-16; 7:7-14; 21:10-12, 20-21. | This information reflects non-public franchise expansion information, and if revealed publicly, this information could be used by competitors to "to inform their strategies to compete with SIE." Qizilbash Decl. ¶¶ 49–50. |

| | | |
|---|---|---|
| Motion for Preliminary Injunction (Dkt. No. 67) | Highlighted text at: 21:24-28. | This information reflects non-public SIE IP/licensing information, and if revealed publicly, this information could be "damaging in connection with confidentiality obligations SIE has to its licensees and damaging from a relationship and commercial perspective." Qizilbash Decl. ¶ 51. |
| Declaration of Asad Qizilbash in support of Motion for Preliminary Injunction (Dkt. No. 69) | Highlighted text at: 1:20, 22-23; 9:1-6; 10:16. | This information reflects non-public financial and franchise investment information, and if revealed publicly, this information could be used by competitors against SIE "in connection with future business dealings and contract negotiations." Qizilbash Decl. ¶¶ 52–54. |
| Declaration of Asad Qizilbash in support of Motion for Preliminary Injunction (Dkt. No. 69) | Highlighted text at: 1:26-2:5; 2:18-3:2; 3:14-19; 7:7-8, 22-23; 7:25-8:5; 8:17-18, 25-27; 9:7-12. | This information reflects non-public franchise expansion information, and if revealed publicly, this information could be used by competitors to "to inform their strategies to compete with SIE." Qizilbash Decl. ¶¶ 49–50. |
| Declaration of Asad Qizilbash in support of Motion for Preliminary Injunction (Dkt. No. 69) | Highlighted text at 3:3-7; 8:6-7, 10-16, 19-23. | This information reflects non-public SIE IP/licensing information, and if revealed publicly, this information could be "damaging in connection with confidentiality obligations SIE has to its licensees and damaging from a relationship and commercial perspective." Qizilbash Decl. ¶ 51. |
| Declaration of Jan-Bart Van Beek in support of Motion for Preliminary Injunction (Dkt. No. 68) | Highlighted text at: 4:18-24; 10:4-5, 16-17; 20:8-14. | This information reflects non-public financial and franchise investment information, and if revealed publicly, this information could be used by competitors against SIE "in connection with future business dealings and contract negotiations." Qizilbash Decl. ¶¶ 52–54; *see* Van Beek Decl. ¶¶ 82–84. |

As explained in the Qizilbash and Van Beek Declarations, both filed concurrently in support of SIE's Motion For Preliminary Injunction, the information SIE seeks to seal reflects SIE confidential franchise-specific financial information (e.g., revenues, investments, budgets), long-term strategies, active expansion plans (including unannounced projects), internal development details, and contractual licensing relationships and negotiations. Qizilbash Decl. ¶¶ 49–54; Van Beek Decl. ¶¶ 82–84. SIE and its first-party studio, Guerrilla Games, strictly limit dissemination of such information to personnel with a business need-to-know, require employee confidentiality obligations, and bind third-party collaborators under nondisclosure agreements. *See* Qizilbash Decl. ¶¶ 41–48. SIE also implements information-security controls and uses project code names to protect unannounced initiatives. *See* Van Beek Decl. ¶¶ 85–88.

No less-restrictive alternative to sealing would adequately protect these interests, as public disclosure would cause concrete competitive harm. Anonymization or high-level summaries would still reveal the existence, timing, scope, or economics of unannounced initiatives and ongoing negotiations. Even confirming the existence of sensitive business relationships or negotiations can jeopardize expansion opportunities, as premature disclosure of development plans would undermine marketing strategy and talent negotiations and allow competitors to adjust their own development and release schedules. *See* Qizilbash Decl. ¶¶ 41–48. Revealing investment levels, budgets, and staffing would also give competitors and counterparties actionable benchmarks and weaken SIE's negotiating position in future deals. *Id.*

Consistent with Civil L.R. 79-5, SIE's request is narrowly tailored to specific non-public terms, figures, and strategic details, leaving non-sensitive material unsealed.

Courts can and do protect such information from public disclosure. *See*, *e.g.*, *In re Google Location History Litig.*, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. 2021) (sealing "marketing strategies, product development plans, [and] detailed product-specific financial information"); *Rodman v. Safeway Inc.*, No. 11-cv-03003, 2015 WL 13673842, at *2 (N.D. Cal. Aug. 4, 2015) (finding compelling reasons to seal "pricing strategy, business decision-making, customer research, and financial records" because it "would expose Safeway to competitive harm if disclosed"); *Stiner v. Brookdale Senior Living, Inc.*, No. 17-CV-03962-HSG, 2022 WL 1180216, at *2 (N.D. Cal. Mar.

1   30, 2022) (sealing "confidential, non-public proprietary information developed by" defendants "at
2   their own expense for their own use," and allowing defendants' competitors to obtain this
3   information would cause competitive injury); *Reyna v. Arris Int'l PLC*, No. 17-CV-01834-LHK,
4   2018 WL 1400513, at *3 (N.D. Cal. Mar. 20, 2018) (recognizing that avoiding competitive harm
5   from the disclosure of confidential product development information is a compelling reason to seal
6   such information); *Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-CV-00119, 2017 WL
7   11527607, at *2 (N.D. Cal. Dec. 27, 2017) (granting motions to seal highly confidential and
8   proprietary information, including technology architecture, that was not publicly available and
9   could result in unfair economic competitive advantage to competitors if disclosed); *Am. Auto. Ass'n*
10  *of N. Cal., Nev. & Utah v. Gen. Motors LLC*, No. 17-CV-03874, 2019 WL 1206748, at *2 (N.D.
11  Cal. March 14, 2019) (sealing contracts with third parties and "information regarding the parties'
12  prospective business plans, dealings and strategies"); *FTC v. Qualcomm Inc.*, No. 17-CV-220-
13  LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (granting motion to seal information to the
14  extent divulging it could harm parties' "competitive standing and divulges terms of confidential
15  contracts, contract negotiations, or trade secrets," including commercial negotiations and
16  operational strategies); *Arista Networks, Inc. v. Cisco Systems, Inc.*, No. 16-cv-00923-BLF, 2017
17  WL 6043303, at *3-4 (N.D. Cal. Nov. 28, 2017) (finding disclosure of product development plans,
18  marketing plans, and marketplace predictions would result in competitive harm and thus that the
19  information is sealable); *Transperfect Global, Inc. v. Motionpoint Corp.*, No. C 10-2590, 2013 WL
20  209678, at *1 (N.D. Cal. Jan. 17, 2013) (sealing proprietary information concerning business
21  operations and technology).

22  So too, here, SIE's confidential business information should be protected. The information
23  that it requests to file under seal is narrowly tailored to achieve these objectives.

24  **III.    CONCLUSION**

25  For the foregoing reasons, SIE respectfully requests that the Court grant its Administrative
26  Motion to File Materials Under Seal.

27  //
28  //

| | | |
|---|---|---|
| 1 | DATED: October 16, 2025 | ORRICK, HERRINGTON & SUTCLIFFE LLP |

By:  */s/ Diana M. Rutowski*
Diana M. Rutowski
Attorneys for Plaintiff
SONY INTERACTIVE ENTERTAINMENT LLC