LATHAM & WATKINS LLP
Andrew M. Gass (Bar No. 259694)
  andrew.gass@lw.com
Ivana Dukanovic (Bar No. 312937)
  ivana.dukanovic@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA  94111-6538
Telephone:  +1.415.391.0600

Sarang V. Damle (admitted *pro hac vice*)
  sy.damle@lw.com
Sara E. Sampoli (Bar No. 344505)
  sara.sampoli@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone:  +1.202.637.2200

Allison L. Stillman (admitted *pro hac vice*)
  alli.stillman@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone:  +1.212.906.1200

*Attorneys for Defendants Tencent America LLC, Proxima Beta U.S. LLC, and Tencent Holdings Ltd.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SONY INTERACTIVE ENTERTAINMENT LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TENCENT HOLDINGS LTD., a Cayman Islands corporation; TENCENT TECHNOLOGY (SHANGHAI) COMPANY LTD. d/b/a AURORA STUDIOS and/or POLARIS QUEST, a Chinese company; TENCENT AMERICA LLC, a Delaware limited liability company; PROXIMA BETA PTE LTD. d/b/a TENCENT GAMES and/or LEVEL INFINITE, a Singapore corporation; PROXIMA BETA U.S. LLC, a Delaware limited liability company; and DOES 1-10,<br><br>Defendants. | Case No. 3:25-cv-06275-JSC<br><br>**DECLARATION OF IVANA DUKANOVIC IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED (ECF NO. 62)**<br><br>Hon. Jacqueline Scott Corley |

I, Ivana Dukanovic, hereby declare as follows:

1. I am an attorney with the law firm Latham & Watkins LLP and am counsel for Defendants Tencent America LLC, Proxima Beta U.S. LLC, and Tencent Holdings Ltd. (collectively, the "Served Defendants") in the above-referenced case. I have personal knowledge of the matters stated in this declaration, and if called as a witness, I could and would competently testify to them.

2. I submit this declaration in accordance with Civil Local Rules ("L.R.") 7-11(a) and 79-5(c) and (f) in connection with Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 62) concerning exhibits to the Declaration of Olivier Courtemanche ("Courtemanche Decl."), filed in support of Plaintiff's Opposition (ECF No. 61) to the Served Defendants' Motion to Dismiss Complaint for Copyright and Trademark Infringement (ECF No. 48).

3. The following table identifies the exhibits (the "Sealed Documents") that contain confidential, nonpublic information regarding the business strategy of Tencent Holdings' subsidiaries.

| ECF/Ex. No. | Document | Portion(s) to Seal | Reason |
|---|---|---|---|
| ECF No. 62-1 | Countermanche Decl. Ex. A | Entire document except slides 17-18, 22, 32, 35 | Contains confidential, nonpublic information concerning competitively sensitive business plans, including specific details about the strategic business decisions and intellectual property licensing strategy of Tencent Holdings' subsidiaries. |
| ECF No. 62-2 | Countermanche Decl. Ex. B | Entire document | Contains confidential, nonpublic information concerning competitively sensitive business plans, including specific details about the strategic business decisions and intellectual property licensing strategy of Tencent Holdings' subsidiaries. |

4.  Sealing is justified where there are "compelling reasons sufficient to outweigh the public's interest in disclosure," *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal citation and quotation marks omitted).  This Circuit has recognized compelling reasons for sealing exist where the document "might be used . . . 'as [a] source[] of business information that might harm a litigant's competitive standing,'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *see also Exeltis USA v. First Databank, Inc.*, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that "confidential business information" satisfies the "compelling reasons" standard and collecting cases).

5.  The Sealed Documents contain confidential, nonpublic information regarding competitively sensitive business plans, including specific details about the strategic business decisions and intellectual property licensing strategy of Tencent Holdings' subsidiaries, that would be damaging to the business interests of those subsidiaries if publicly disclosed.  For example, the identified exhibits reveal competitively sensitive details about business considerations, proposed business plans and timelines, and discussions of intellectual property licensing by these subsidiaries.

6.  The public disclosure of this information would create a significant risk of competitive harm to the Tencent Holdings' subsidiaries.  If competitors in the video game industry were to obtain this information, they could use the insight they would gain to modify their own business strategies in order to gain an unfair competitive advantage.  Such harm could not be avoided by less restrictive means than the narrowly tailored sealing of these two documents, as described above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 22, 2025, in San Francisco, California.

*/s/ Ivana Dukanovic*
Ivana Dukanovic