LATHAM & WATKINS LLP
Andrew M. Gass (Bar No. 259694)
  andrew.gass@lw.com
Ivana Dukanovic (Bar No. 312937)
  ivana.dukanovic@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: +1.415.391.0600

Sarang V. Damle (admitted *pro hac vice*)
  sy.damle@lw.com
Sara E. Sampoli (Bar No. 344505)
  sara.sampoli@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200

Allison L. Stillman (admitted *pro hac vice*)
  alli.stillman@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone: +1.212.906.1200

*Attorneys for Defendants Tencent America, LLC, Proxima Beta U.S. LLC, and Tencent Holdings Ltd.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SONY INTERACTIVE ENTERTAINMENT LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TENCENT HOLDINGS LTD., a Cayman Islands corporation; TENCENT TECHNOLOGY (SHANGHAI) COMPANY LTD. d/b/a AURORA STUDIOS and/or POLARIS QUEST, a Chinese company; TENCENT AMERICA LLC, a Delaware limited liability company; PROXIMA BETA PTE LTD. d/b/a TENCENT GAMES and/or LEVEL INFINITE, a Singapore corporation; PROXIMA BETA U.S. LLC, a Delaware limited liability company; and DOES 1-10,<br><br>Defendants. | Case No. 3:25-cv-06275-JSC<br><br>**TENCENT AMERICA LLC'S, PROXIMA BETA U.S. LLC'S, AND TENCENT HOLDINGS LTD.'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE**<br><br>Judge:    Hon. Jacqueline Scott Corley |

## I. INTRODUCTION

The Court should grant Defendants Tencent America LLC, Proxima Beta U.S. LLC, and Tencent Holdings Ltd.'s (collectively, the "Served Defendants") Request for Judicial Notice and Incorporation By Reference in connection with Served Defendants' Motion to Dismiss the Complaint for Copyright and Trademark Infringement ("Motion"). *See* Dkt. 49 ("RJN"). Plaintiff Sony Interactive Entertainment LLC ("Sony") does not dispute that the Court may judicially notice Exhibit 5, but it objects to judicial notice of Exhibits 1–4. Dkt 64 ("RJN Opp."). Sony's objections are misplaced and should be rejected.

## II. ARGUMENT

### A. Exhibits 1–3 Are Subject to Judicial Notice as Publicly Available Webpages

Courts in this district recognize that, as a general matter, "websites and their contents may be judicially noticed." *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020); *see also Unsworth v. Musk*, 2019 WL 5550060, at *4 (N.D. Cal. Oct. 28, 2019) ("[T]he existence of the publicly-available articles and tweets cannot reasonably be questioned."). Sony does not dispute the existence of Exhibits 1–3. Instead, it contends that Exhibits 1–3 are not subject to judicial notice because they contain hearsay and are offered to dispute the Complaint's allegations. *See* RJN Opp. at 2. Neither is true.

Exhibits 1–3 are offered to show that the cited comments were made, *not* for the truth of those comments or to dispute Sony's allegations. These exhibits were offered merely to show that the gaming community made comments comparing *Horizon* to other games, just as the gaming community has made comments regarding *Light of Motiram*. This is not hearsay. Fed. R. Evid. 801(c); *Stuart v. UNUM Life Ins. Co. of Am.*, 217 F.3d 1145, 1154 (9th Cir. 2000) ("If . . . an out-of-court statement's significance lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay." (citation omitted)). Because Exhibits 1–3 are offered only to show that these comments were made, they are properly subject to judicial notice under Rule 201. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) ("Courts may take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true."

(quotation omitted)); *Whiteside v. Chosen Foods, LLC*, 2025 WL 2460192, at *3 (S.D. Cal. Aug. 26, 2025) ("A court may take judicial notice of the existence of news articles for the purpose of determining what statements they contain.")."[1] The Court may properly notice these exhibits as publicly available documents, the existence of which cannot be not reasonably questioned.[2]

### B.   Exhibits 4 Is Incorporated By Reference in the Complaint

Incorporation by reference is appropriate where "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Exhibit 4 is a Steam page that is extensively referenced in the Complaint. *See* Compl. ¶7 (discussing content on "Tencent" Steam page), ¶10 (same), ¶33 (same), ¶¶72–73 (same), ¶76 (same), ¶86 (same), ¶121 (same), n.1 (discussing content on Steam page and citing archived version of the same webpage), n.2 (citing Steam page's current URL), n. 36 (citing Steam page's current URL and archived version of the same webpage).

Sony does not challenge that Exhibit 4 reflects the referenced Steam webpage as it currently exists. *See* RJN Opp. at 2–3. Instead, Sony contends that the document cannot be incorporated by reference because it "did not rely upon the document" in its Complaint. RJN Opp. at 3. But the Steam page *is* extensively referenced in the Complaint, and Sony *itself* cites and relies on the current URL of the Steam page that mirrors Exhibit 4. *Compare* Compl. n.2 (citing Steam page's current URL, which states, "Planned Release Date: Q4 2027"), n.36 (same) *with* Exhibit 4 (Dkt. No. 48-6). Contrary to Sony's objection, Sony does not just rely on the version of the website "as it existed on or around July 25, 2025, when SIE filed its Complaint." *See* RJN Opp. at 3 (emphasis removed). Indeed, the Court itself can go to the URL Sony provided in its Complaint in notes 2 and 36 to review the website's contents as they are today—projecting *Light of Motiram*'s

---

[1] Sony dispute the documents' relevance as well, but relevance questions are generally not part of the analysis of whether a document is subject to judicial notice. *See* 21B Charles Alan Wright et al., Fed. Prac. & Proc. § 5104 (2d ed. 2025) ("Rule 201 does not require the noticed fact to be 'relevant.'"); *Gammel v. Hewlett-Packard Co.*, 2013 WL 1947525, at *3 (C.D. Cal. May 8, 2013) ("Setting aside the question of whether these items are relevant, the Court finds that they are appropriate for judicial notice."). In any event, Exhibits 1–3 are broadly relevant to this dispute.

[2] The Court may also judicially notice Exhibit 4 as a publicly available webpage. *See* RJN. In addition, Exhibit 4 may be considered in its entirety as incorporated by reference. *See infra* § II.B.

1  expected release date.  That post-filing updates to the webpage have been made does not render
2  the page less incorporated by reference here.  *See*, *e.g.*, *Employees' Ret. Sys. v. Wells Fargo & Co.*,
3  2022 WL 1443231, at *4–5 (N.D. Cal. May 6, 2022) (considering internet source linked by
4  provision of URL in the complaint as incorporated by reference where "the complaint refers . . .
5  to the link" "even though [the linked internet source] now undercuts the complaint"); *see also*
6  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (noting that doctrine of
7  incorporation by reference is designed to "prevent[] plaintiffs from selecting only portions of
8  documents that support their claims, while omitting portions of those very documents that
9  weaken—or doom—their claims").[3]  The Court may properly consider the current Steam page
10 (Exhibit 4) incorporated by reference in the Complaint.  *See In re NVIDIA Corp. Sec. Litig.*, 768
11 F.3d 1046, 1058 n.10 (9th Cir. 2014) (considering incorporated document "in its entirety").[4]

## III.     CONCLUSION

For the foregoing reasons, the Served Defendants respectfully request that the Court grant their RJN and judicially notice Exhibits 1 through 5 and incorporate Exhibit 4 by reference.

---

[3] Sony's cited cases are readily distinguishable.  *See*, *e.g.*, *Shank v. Presidio Brands, Inc.*, 2018 WL 510169, at *4 (N.D. Cal. Jan. 23, 2018) (rejecting request to consider webpages where the plaintiff objected to the webpages "as lacking foundation, and therefore [did] not accept them as authentic"); *Aledlah v. S-L Distribution Co.*, 2020 WL 2927980, at *4 (N.D. Cal. June 3, 2020) (declining to incorporate a *different agreement* than the one referenced in the complaint).

[4] In the alternative, the Court can judicially notice this Exhibit as a publicly available webpage. *See supra* § II.A.

Dated: October 29, 2025

Respectfully submitted,

LATHAM & WATKINS LLP

By /s/ Sarang V. Damle
Sarang V. Damle (admitted *pro hac vice*)
 sy.damle@lw.com
Sara E. Sampoli (Bar No. 344505)
 sara.sampoli@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200

Andrew M. Gass (Bar No. 259694)
 andrew.gass@lw.com
Ivana Dukanovic (Bar No. 312937)
 ivana.dukanovic@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: +1.415.391.0600

Allison L. Stillman (admitted *pro hac vice*)
 alli.stillman@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone: +1.212.906.1200

*Attorneys for Defendants Tencent America, LLC, Proxima Beta U.S. LLC, and Tencent Holdings Ltd.*